Citation Nr: 1702629 
Decision Date: 01/31/17 Archive Date: 02/09/17

DOCKET NO. 10-41 726 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office in Winston-Salem, North Carolina


THE ISSUE

Entitlement to service connection for headaches.



ATTORNEY FOR THE BOARD

Suzie Gaston, Counsel





INTRODUCTION

The Veteran served on active duty from June 1998 to January 2007. 

This matter comes before the Board of Veterans Appeals (hereinafter Board) on appeal from a December 2009 rating decision, by the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina which, in part, denied the Veteran's claim of entitlement to service connection for headaches. He perfected a timely appeal to that decision. 

In March 2013, the Board remanded the case to the RO for evidentiary development. Following the requested development, a supplemental statement of the case (SSOC) was issued in June 2013. 

In May 2015, the Board again remanded the case to the RO for further evidentiary development. Following the requested development, an SSOC was issued in September 2016. 

FINDINGS OF FACT

1. The Veteran failed without good cause to report for a scheduled VA examination in July 2016. 

2. A chronic headache disability was not manifested during service and is not shown to be related to active service. 

CONCLUSION OF LAW

The criteria for service connection for headaches have not been met. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303 (2016). 


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Due to Notify and Assist.

VA has a duty to notify and assist claimants in substantiating claims for VA benefits. See e.g. 38 U.S.C.A. §§ 5103, 5103A (West 2014) and 38 C.F.R. § 3.159 (2015). In the instant case, VA provided adequate notice in letters sent to the Veteran in June 2009 and July 2009, prior to the initial adjudication of the claim on appeal. Additional letters were sent in March 2013 and April 2013. 

It also appears that all obtainable relevant evidence identified by the Veteran claim has been obtained and associated with the claims file, and he has not identified any other pertinent evidence not already of record that would need to be obtained for a proper disposition of this appeal. It is therefore the Board's conclusion that the Veteran has been provided with every opportunity to submit evidence and argument in support of his claim, and to respond to VA notice. 

In this case, the Veteran was scheduled for a VA examination on July 21, 2016 in conjunction with his claim for service connection for headaches. He failed to report for the examination and did not provide good cause for doing so. Under 38 C.F.R. § 3.655, when a claimant fails to report for an examination scheduled in conjunction with an original compensation claim, the claim shall be rated based on the evidence of record. As such, the Veteran's claim will be decided based on the evidence of record. 

The Board finds that all necessary development has been accomplished, and therefore appellate review may proceed without prejudice to the Veteran. See Bernard v. Brown, 4 Vet. App. 384 (1993). Service, VA and private treatment records are associated with the claims file. 

There is no indication of additional existing evidence that is necessary for a fair adjudication of the claim that is the subject of this appeal. Hence, no further notice or assistance to the Veteran is required to fulfill VA's duty to assist. 

II. Factual background & Analysis-S/C headaches.

The Veteran is seeking entitlement to service connection for a headache disability. In his claim, dated in May 2009, the Veteran reported that he suffered from headaches in service and he continues to experience headaches to this day. 

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. § 3.303 (a) (2015). "To establish a right to compensation for a present disability, a Veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service"- the so-called "nexus" requirement." Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

A review of the record reflects that the Veteran currently suffers from chronic headaches, initially diagnosed in May 2009. Significantly, post service treatment records show that the Veteran received clinical attention for complaints of headaches. During a Persian Gulf registry consult in April 2009, the Veteran complained of migraines, bilateral temporal; he stated that the headaches began after he struck his head on a luggage rack while riding on a bus in October 2005 in service. In June 2009, the Veteran was seen for evaluation for possible TBI. The Veteran reported that, while riding on a charter bus in Kuwait in 2006, the vehicle hit a bump causing him to hit his head on the overhead storage bin above his seat; as a result, he sustained a laceration to the back left part of his head and received 9 stitches. He reported that he started experiencing headaches shortly after that incident; he described the headache as pressure at the bilateral temporal regions of his head. Review of systems was positive for headaches. The assessment was that the Veteran did not have a TBI; the clinician stated that, based upon the Veteran's account of the event regarding his head injury, she believed that the Veteran did not suffer a mild TBI in 2006; rather, the assessment of headache/irritability/elevated blood pressure.

A physical rehabilitation note dated in December 2009 indicates that the Veteran was seen for evaluation of headaches. It was noted that the Veteran had a history of chronic headaches; was last seen in June 2009; when he complained of daily headaches. The assessment was chronic headaches. 

In addition, of record is the report of a private psychological evaluation, conducted in January 2010, which reported several diagnoses among which was headaches. Moreover, following a mental examination in July 2011, the examiner stated that the Veteran was still experiencing frequent headaches which were judged more likely than not to be tension/stress in type. 

In light of the foregoing, the Board finds that the first criterion for establishing service connection has been met. The question, then, is whether this condition arose in or is related to military service. 

Regarding the second element of service connection, the service treatment records (STRs) show that the Veteran was seen on several occasions with complaints of headaches. In January 1999, the Veteran reported headaches and dizziness; the assessment was left otitis media. In September 2000, he was seen with complaints of earache, sore throat, runny nose, cough, headaches and body aches; the assessment was right otitis media with viral pharyngitis. Similar complaints were reported in March 2001; at that time, the Veteran was diagnosed with upper respiratory infection. When seen in November 2001, the Veteran reported a previous history of 2 to 3 episodes of strep throat; he reported problems with rhinitis and occasional headaches. Assessment was pharyngitis. In July 2004, the Veteran was seen for complaints of body aches, drowsiness, sore throat, runny nose, vomiting and headaches; the assessment was bronchitis. Among the record is a post deployment assessment, dated in October 2006, wherein the Veteran was asked whether he now had or developed headaches during the deployment, he answered "no." 

Therefore, while the STRs show that the Veteran was seen for complaints of headaches, they were associated with cold symptoms and upper respiratory infections; these records do not establish the presence of a chronic disease in service. The STRs do not show a diagnosis of chronic headaches. 

The Board concludes that had the Veteran in fact been sustained a head injury and received 9 stitches as he reported, he would have undoubtedly mentioned this fact, at the very least when he sought medical treatment for his back and right knee conditions. By the same reasoning, had the Veteran actually been suffering from chronic headaches since an in-service head injury, he would have mentioned that relevant history in August 2007 when he was seen for an initial evaluation visit at the VA. He specifically reported a past medical history of low back and knee pain. He denied any significant history or problems with his head. The assessment was routine general examination. He was again seen in April 2008, when he sought to establish care at another VA clinic. On that occasion, the Veteran made no reference to having a history of an in-service head injury with headaches. Indeed, he specifically denied a headache. See Buczynski v. Shinseki, 24 Vet. App. 221, 225-26 (2011) (the Board may use silence in the service treatment records as contradictory evidence if the alleged injury, disease, or related symptoms would ordinarily have been recorded). The Board finds the STRs more probative than the Veteran's account as to whether he suffered an inservice head injury followed by headaches.

Moreover, the record does not include any evidence of a relationship between any current chronic headache disability and the Veteran's active service, to include an alleged head injury in service. See Holton, 557 F.3d at 1366; 38 C.F.R. § 3.303 (a), (d). 

As noted above, the Board remanded the case in May 2015 for additional development which included affording the Veteran an additional VA examination to determine the etiology of his headaches. The Veteran failed to report to this examination. Under 38 C.F.R. § 3.655 (2015), when a claimant fails to report for an examination scheduled in conjunction with an original compensation claim, the claim shall be rated based on the evidence of record. As such, no medical professional has ever related a headache disorder to the Veteran's active duty service. Consequently, the record is absent evidence of a chronic headache disability during service, and medical evidence of a nexus between service and the Veteran's daily headaches. 

The Board acknowledges the Veteran's contentions that he currently suffers from headaches a result of a head injury sustained in service. Although lay persons are competent to provide opinions on some medical issues, see Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011), as to the specific issue in this case, etiology of headaches falls outside the realm of common knowledge of a lay person. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007) (lay persons not competent to diagnose cancer)." Accordingly, the Board finds that the statements as to medical causation are not competent evidence to establish service connection for headaches. 

Based on the foregoing, the Board finds that the preponderance of the evidence is against a grant of service connection for headaches. In reaching this conclusion, the Board has considered the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the Veteran's claim, that doctrine is not applicable, and service connection must be denied. 


ORDER

Service connection for headaches is denied. 



____________________________________________
JAMES G. REINHART
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs